Robert F. **DWYER** and Aileen K. Dwyer, Plaintiffs-Appellees,

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 77–3916.

United States Court of Appeals,
Ninth Circuit.

July 2, 1980.

Gary R. Allen, Dept. of Justice, Washington, D. C., for defendant-appellant.

William H. Kinsey, Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, Or., for plaintiffs-appellees.

Before TANG, SCHROEDER and NELSON, Circuit Judges.

SCHROEDER, Circuit Judge:

The federal government brings this appeal from the district court's judgment finding the appellees, Robert Dwyer and his wife Aileen Dwyer, entitled to a refund of federal income tax collected for the 1968 tax year. The appeal involves the federal personal income tax consequences arising out of the liquidation of a corporation owned by Robert Dwyer and his son, and particularly the impact of Dwyer's purported forgiveness of interest owed to him by the corporation. We reverse the decision of the district court, 439 F.Supp. 99 (D.Or. 1977), and hold that the taxpayers realized ordinary income in payment of that interest which the taxpayer attempted to forgive simultaneously with the liquidation of the corporation.

In March, 1966, Dwyer and his son each invested $50,000 and formed a corporation, the Dwyer Steamship Co., Inc. As the corporation required more operating capital the elder Dwyer contributed additional funds on an open account and in exchange for five percent, five-year debentures. The corporation, an accrual method taxpayer, recorded the interest on Dwyer's loans as follows:

| Date | Amount |
|------|--------|
| December 31, 1966 | $ 5,000.00 |
| December 31, 1967 | 16,041.66 |
| December 31, 1968 | 17,833.37 |
| TOTAL | $38,875.03 |

In late 1968 the corporation entered into an agreement with a purchaser calling for sale of the corporation's major assets followed immediately by liquidation. On December 30, 1968, the date of the sale and liquidation, the corporation owed Dwyer the following amounts:

| Debentures | $400,000.00 |
|------------|-------------|
| Open Account | 170,000.00 |
| Interest | 38,875.03 |
| TOTAL | $608,875.03 |

The following events took place on December 30, 1968: (1) the corporation sold its assets for $700,000; (2) the corporation paid Dwyer the $400,000 due on the outstanding debentures; (3) the corporation paid Dwyer $170,000 in payment of the open account; (4) the taxpayer forgave the $38,875.03 interest owed him in a document entitled "Forgiveness of Indebtedness"; and (5) the corporation retired its common stock in complete liquidation by paying $65,000 to both Dwyer and his son.

The sole issue on appeal concerns the federal personal income tax consequences to Dwyer of this liquidation. The Internal Revenue Service correctly points out that in the absence of the purported forgiveness of the interest indebtedness Dwyer would have realized additional ordinary income of $38,875.03. The company owed Dwyer a legitimate debt in that amount, had the money to discharge the debt and in fact distributed the proceeds of the liquidation to Dwyer and his son. The IRS argues that because the debt forgiveness' only consequence would have been more favorable tax consequences, the forgiveness should be disregarded and Dwyer taxed as if there had been no forgiveness. *Gregory v. Helvering*, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935). It argues that in view of the control exercised by Dwyer, the forgiveness of interest to change the characterization of the assets was analogous to an anticipatory assignment of income and invalid under *Helvering v. Horst*, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75 (1940). The IRS thus maintains that Dwyer received ordinary income and $45,562.48 as a return on his capital stock resulting in a long term capital loss.

Dwyer claims that his forgiveness of the indebtedness should be given effect and preclude receipt by him of any ordinary interest income. On his theory, in addition to payment on the debentures and open account he received $65,000 as a return on his common stock resulting in a $15,000 long term capital gain.

We hold that the Dwyers realized ordinary income under the doctrine associated with the Supreme Court's decision in *Helvering v. Horst, supra. See also Lucas v. Earl*, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 (1930). In *Helvering v. Horst*, where a father assigned income to a child in a lower tax bracket, the Court held that the father realized income and emphasized that the power to dispose of income is sometimes equivalent to actual receipt of the income for tax purposes. The father's attempt to direct income to another there resulted in the father's realization of income. Here Dwyer not only exercised significant control over the disposition of the proceeds, he in fact received the proceeds under a different label.

Dwyer does not directly challenge the applicability of the doctrine of *Helvering v. Horst* to this case. Rather, he points out that characterization of these proceeds as ordinary income results in asymmetrical tax treatment of this interest indebtedness due to the operation of § 267(a)(2) of the Internal Revenue Code. The corporation reported its taxes on an accrual basis. It initially deducted the interest it owed Dwyer in the year the indebtedness accrued despite the fact that it did not actually make the payments in that year. Under § 267(a)(2), however, if the payor and payee of an expense item are within certain defined degrees of relationship, as they are here, the payor may deduct the item only if it is paid within two and one-half months after the close of the payor's tax year. In this case the corporation was unable to deduct the interest accrued during 1966 and 1967 because it did not pay Dwyer these amounts

within the time period specified by § 267(a)(2). Dwyer does not challenge the effect of this provision on the tax treatment of the corporation. He acknowledges that the provision is intended to result in denial of a deduction to the corporation if the interest is not paid within the specified period.

Dwyer nevertheless contends that it would be unfair to disregard his purported forgiveness of indebtedness thereby forcing him to realize ordinary income while the corporation was denied the normal tax benefits associated with the payment of interest. He relies for support solely upon *Putoma Corporation v. Commissioner*, 66 T.C. 652 (1976), for the proposition that ordinary income was not realized.[1]

*Putoma* does not support Dwyer's argument in this case. In *Putoma*, as here, shareholders forgave an indebtedness. There was there, however, no immediate liquidation of the corporation and no receipt by shareholders of the corporate assets. The forgiveness had the business purpose of strengthening the corporate balance sheet in anticipation of future credit needs. Although the Tax Court there held that the assignment of income analysis of *Helvering v. Horst* could not be stretched so far as to require realization of income by the shareholders in that case, its rationale for this conclusion is absent in this appeal. In *Putoma* the court concluded that, as a practical matter, the forgiving shareholders did not have control over the disposition of the proceeds or a power of disposal since "the options open to petitioners . . . were limited to relinquishment [of the debt] or maintaining the status quo." 66 T.C. at 670. Nothing in the *Putoma* decision indicates any necessity for symmetrical tax treatment under § 267(a)(2). Indeed, that provision was not applicable to the shareholders in that case. 66 T.C. at 660 n. 4. Dwyer, on the other hand, had the $38,-875.03 interest payment within his grasp

1. In *Putoma*, the government at the tax court level sought either to tax the forgiveness as ordinary income to the shareholder or to tax the tax benefit accruing to the corporation. It lost on both counts before the tax court and appealed only the latter question. The Fifth Circuit affirmed. 601 F.2d 734 (5th Cir. 1979).

but chose instead to make a last minute attempt to change the characterization for tax purposes.

On the basis of the record and arguments presented in this case, we hold that Dwyer realized ordinary income in the amount of $38,875.03 upon the liquidation of the corporation.

Reversed.